**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JENNIFER ROPER,

 Plaintiff,

v.

SAXON MORTGAGE SERVICES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*,

 Defendants.

CIVIL ACTION NO.
1:09-CV-312-RWS

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Remand the Case to the Superior Court of Cherokee County, Georgia [7]. After a review of the record, the Court enters the following Order.

### **Background**

Plaintiff Jennifer Roper originally brought this action in the Superior Court of Cherokee County, Georgia on January 5, 2009 seeking an injunction barring the Defendants from foreclosing on the property at issue. (See

Complaint.) Further, Plaintiff requested an award of equitable clean title, or in the alternative, a judgment for damages in the event a foreclosure on the property should proceed. (Id.) The Superior Court of Cherokee County granted the Temporary Restraining Order on January 6, 2009. Defendants filed an Answer to the Complaint in Cherokee County on January 28, 2009 and subsequently moved to remove the action to the Northern District of Georgia on February 3, 2009. (Dkt. No. [1].) Defendants cite diversity of citizenship under 28 U.S.C. §1332 as a basis for removal, stating that complete diversity exists between the parties and the amount in controversy "more likely than not" exceeds the requisite $75,000. (Id. at ¶¶ 5-14.) On March 5, 2009, Plaintiff filed the Motion to Remand [7] that is presently before the Court for consideration.

## Discussion

Civil actions brought in the state courts may be removed if the action falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). In the absence of an express grant of statutory jurisdiction, original jurisdiction may be predicated upon the presence of a federal question pursuant to 28 U.S.C. § 1331, or diversity of citizenship pursuant to 28 U.S.C. § 1332. Baltin v.

2

Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Defendants allege a diversity of citizenship basis for removal [1]. Plaintiff contests the removal and asserts that: (1) Defendants waived their right to remove by filing an Answer to Plaintiff's Complaint in State Court; (2) the location of the subject property and unknown parties destroys diversity; and (3) the amount in controversy does not exceed $75,000. The Court shall address each issue in turn.

First, Plaintiff contends that Defendants waived jurisdictional or venue defenses by filing an Answer on January 28, 2009 with the Superior Court of Cherokee County. (Dkt. No. [7] at ¶ 5.) In response, Defendants assert that the filing of an answer is not sufficient to constitute a waiver of the right to removal. (Dkt. No. [10] at 3.) In order to waive the right to remove to federal court and submit to state court jurisdiction, the defendant must demonstrate a clear and unequivocal intent to litigate the case in state court. Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (stating that defendant must take a " 'substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court.' "(quoting 14B Charles

3

A. Wright, *et al.*, Federal Practice and Procedure § 3721 (2003)). Here, Defendants filed an Answer in the State Court and a Notice of Removal shortly thereafter. The Record does not reflect that Defendants took any affirmative action to obtain a ruling from the state Court. (See Miranda v. Rodriguez, No. 7:08-CV-93(HL), 2009 WL 32746, at *1 (M.D. Ga. Jan. 2, 2009)). Accordingly, the Court finds that Defendants' actions in the state court did not demonstrate a clear and unequivocal intent to waive their right to remove.

Next, Plaintiff asserts that removal is improper because the action lacks complete diversity. Defendants' Motion for Removal alleges factually that Plaintiff is a resident of the State of Georgia, Defendant Saxon is incorporated in Texas with its principal place of business in Texas, and Defendant Deutsche Bank National Trust Company exists under the laws of the State of California with its principal place of business in California. (Dkt. No. [1] at ¶¶ 7-9.) Plaintiff argues that the property location within the jurisdiction of Cherokee County Superior Court of Georgia and the potential existence of unknown parties defeats a claim of diversity. (Dkt. No. [7] at ¶¶ 3-4.) The Court finds that these matters may not be considered for purposes of determining diversity for removal. First, although the location of the property may be considered for

4

purposes of establishing jurisdiction in an *in rem* action, it is insufficient to defeat diversity of citizenship in the present case. (See generally Mapp v. Deutsche Bank National Trust Co., No. 3:08-CV-695-WKW, 2009 WL 435069, at *2 (M.D. Ala. Feb. 18, 2009)). Furthermore, the existence of possible unknown and unnamed defendants is not considered for purposes of removal. 28 U.S.C. §1441(a) (stating "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); Kelly v. Dolgen Corp., Inc., 972 F. Supp. 1470, 1471 (M.D. Ga. 1997) (holding that the citizenship of an "unknown John Doe defendant" was not to be considered for purposes of establishing complete diversity.)

Finally, Plaintiff argues that her claims for injunctive relief, equitable clean title, damages for alleged unclean hands and misrepresentation, attorney's fees, and associated costs do not amount to more than $75,000 such that the amount in controversy requirement is satisfied. (Dkt. No. [7] at ¶¶ 6-12.) In support, Plaintiff states that the claim for equitable title is asserted only against the named Defendants and not against the grantor of the security deed. (Id. at ¶ 8.) Further an award of damages is contingent upon the wrongful foreclosure action by the Defendants and does not make it "more likely than not" that the

5

amount in controversy would exceed $75,000. (Id. at ¶ 9.)  As Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake.  Waller v. Professional Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961)[1] (holding that, "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.")  Plaintiff has not demonstrated that the value of an injunctive relief barring a foreclosure action should not be determined by the value of the property at issue.  Plaintiff's Complaint cites to a security deed in the original amount of $352, 480.00 which exceeds the $75,000 amount in controversy requirement.

Accordingly, Plaintiff has failed to establish that the action fails to satisfy diversity of citizenship pursuant to 28 U.S.C. § 1332 such that the case should be remanded to the state court.  Plaintiff's Motion to Remand [7] is **DENIED**.

## Conclusion

Based on the foregoing, Plaintiff's Motion to Remand the Case to the Superior Court of Cherokee County, Georgia [7] is **DENIED**.

---

[1] The U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the U.S. Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

6

AO 72A
(Rev.8/82)

**SO ORDERED** this  5th  day of May, 2009.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)