**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JENNIFER ROPER, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:09-CV-0312-RWS
A PARCEL OF LAND, BEING :
KNOWN AS 364 WOODBROOK :
CREST, CANTON, GA, *et al.* :
:
    Defendants. :

## **ORDER**

This case is before the Court for consideration of Plaintiff's Motion to Voluntarily Dismiss [16] and Defendants' Motion for Summary Judgment [22]. After reviewing the entire record, the Court enters the following Order.

## **Background of Case**

Plaintiff originally filed her Complaint on January 5, 2009 in the Superior Court of Cherokee County. Plaintiff sought to stop the foreclosure scheduled the following day on her property at 364 Woodbrook Crest, Canton, Georgia (The "Property"). She also sought clear title to the Property or, in the

alternative, damages against Defendants.  On February 4, 2009, Defendants removed the action to this Court, and their Answer [2] was filed that same date.

On September 2, 2009, Plaintiff filed a Motion to Voluntarily Dismiss the Complaint Without Prejudice [16].  Thereafter, Defendants filed an Unopposed Motion to Extend Dispositive Motion Deadline [18] in which Defendants stated their unwillingness to consent to a dismissal without prejudice.

On October 19, 2009, Defendants filed a Motion for Summary Judgment [22]. On November 16, 2009, Plaintiff filed a Motion [23] seeking permission for her counsel to withdraw.  On November 23, 2009, the Court entered an Order [24] permitting counsel to withdraw and granting Plaintiff an extension of ten (10) days within which to file a response to the Motion for Summary Judgment.  On November 30 and December 2, 2009, Plaintiff filed motions [26 and 28] for extension of time to acquire new counsel.  On December 17, 2009, the Court entered an Order [35] denying Plaintiff's Motion and directing that she file a response to the Motion for Summary Judgment within fourteen (14) days.  Plaintiff filed her Response [36] to the Motion for Summary Judgment on November 4, 2009.  Defendants filed a Reply [37] on January 5, 2010 suggesting that Plaintiff's Response was untimely.  Plaintiff filed an

2

AO 72A
(Rev.8/82)

unauthorized Sur-Reply [38] on January 8, 2010 asserting the timeliness of her previously filed Response.[1]

The case is presently before the Court for consideration of Plaintiff's Motion to Dismiss [16] and Defendants' Motion for Summary Judgment [22].

## **Discussion**

### **A.  Plaintiff's Motion to Dismiss**

Plaintiff filed a Motion to Voluntarily Dismiss her case without prejudice.  However, Defendants had filed Answers to the Complaint prior to Plaintiff filing her Motion.  Therefore, a dismissal without prejudice required leave of court.  (Fed. R. Civ. P. 41(a)(1).)  Because the Court finds that Defendants are entitled to a decision on the merits of the claim, Plaintiff's Motion to Dismiss Without Prejudice [16] is **DENIED**.

### **B.  Defendants' Motion for Summary Judgment**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed.

---

[1]The Court has considered Plaintiff's Respose [36] and Sur-Reply [38] in ruling on Defendants' motion.

3

R. Civ. P. 56(c). The court should view the evidence and inferences that may be drawn from it in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct. 1598, 26 L. Ed. 2d 142 (1970). The parties seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2509, 91 L. Ed. 2d 2020 (1986).

In support of their Motion for Summary Judgment, Defendants have established that Plaintiff obtained a $352,480 mortgage loan from Fremont Investment & Loan on May 4, 2006. The loan was secured by the Property. Mortgage Electronic Registration Systems, Inc. ("MERS") is the grantee under the security interest. In her loan documents, Plaintiff agreed that the lender could transfer her Note. On January 3, 2007, Plaintiff's Note and Security Deed were transferred to Defendant Deutsche Bank National Trust Company ("Deutsche Bank"). Shortly thereafter, the servicing rights to Plaintiff's loan, including the right to foreclose, were transferred to Saxon Mortgage Services,

4

Inc. ("Saxon"). By a Power of Attorney dated October 20, 2008, Deutsche Bank granted Saxon authority to foreclose on the property.

As a condition of her mortgage loan, Plaintiff agreed to make timely payments. She also agreed that if she failed to pay the full amount of her monthly payment on the date it was due, she would be in default. In the event she failed to cure a default, Plaintiff agreed that the lender could require immediate payment of all sums secured by the security instrument and invoke the power of sale which she had granted.

As of February 2008, Plaintiff stopped making payments on her loan. After she defaulted, Saxon offered various repayment plans to Plaintiff. However, Plaintiff failed to satisfy the repayment plans and did not cure her delinquency. Saxon initiated foreclosure proceedings on November 21, 2008, which were to culminate in a foreclosure sale on January 6, 2009. Saxon published notice of the foreclosure sale in the legal newspaper of Cherokee County, Georgia for three (3) weeks in December 2008 and one (1) week in January 2009. The foreclosure was halted by the filing of the present action.

In her Complaint, Plaintiff claims that Defendants have no connection to her Property and have no right to foreclose. The undisputed evidence demonstrates that Deutsche Bank has the beneficial interest in Plaintiff's loan

and that Saxon is the assignee and attorney in fact of Deutsche Bank.  As a matter of law, Deutsche Bank and Saxon had the right to foreclose on the Property on January 6, 2009 and maintain that right to foreclose.

Any claim that Defendants failed to comply with the requirements of Georgia law for a foreclosure sale have been refuted by Defendants. Defendants properly served notice of the foreclosure on Plaintiff and published a notice of foreclosure in the legal organ of Cherokee County as required by statute.  Thus, Plaintiff has failed to establish any claim that Defendants failed to notify her of the foreclosure sale.

Because Defendants did not proceed with the foreclosure after Plaintiff filed the present action, Plaintiff cannot prove a claim for wrongful foreclosure. Finally, Plaintiff has failed to offer any evidence to support a claim of bad faith on the part of Defendants.  After Plaintiff's default in February 2008, Saxon attempted to work with Plaintiff to catch up her payments.  After numerous months passed and Plaintiff was unable to cure the default, Saxon initiated the foreclosure proceeding.  Defendants complied with Georgia law during the foreclosure process.

For the foregoing reasons, Defendants are entitled to Summary Judgment on all of Plaintiff's claims.

6

## **Conclusion**

Based on the foregoing, Plaintiff's Motion to Dismiss [16] is **DENIED**, and Defendants' Motion for Summary Judgment [22] is **GRANTED**. The Clerk shall enter judgment in favor of Defendants and close the case.

**SO ORDERED**, this  23rd  day of April, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)